[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15830
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-00116-CV-WLS-1

EDDIE LEE COTTON,

Plaintiff-Appellant,

versus

G.S. DEVELOPMENT,
doing business as Fairfield Inn,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 2, 2010)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Eddie Lee Cotton, an African-American male, appeals *pro se* the grant of summary judgment to GS Development on his claims alleging wrongful demotion and termination, failure to promote, and hostile work environment, all based on race, pursuant to 42 U.S.C. § 2000e-2. After review, we affirm the district court's grant of summary judgment.

## I. DISCUSSION

*A. Wrongful demotion, termination, and failure to promote*

Cotton asserts the district court erred in finding he failed to show members of an unprotected class were treated more favorably than him.[1] He further contends GS Development has failed to contradict evidence presented showing his greater qualifications and experience compared to Morrison, the white female who was promoted to general manager over him.

Where a plaintiff supports his Title VII claim with circumstantial evidence, we analyze his claim using the framework set forth in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973). *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). Under the *McDonnell Douglas* framework, once a *prima facie*

---

[1] Cotton filed a bare bones "Memorandum of Law to Support Denying Defendant Motion for Summary Judgment" on October 21, 2006. Despite the district court's finding Cotton did not properly respond to GS Development's motion for summary judgment, the court reviewed "any timely submissions" filed in connection with the motion for summary judgment. Thus, Cotton was not prejudiced by the district court's finding Cotton did not properly respond to the defendant's motion for summary judgment.

2

case of discrimination is established, the burden shifts to the employer to state a legitimate, nondiscriminatory reason for the adverse employment action. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997). If the employer successfully does so, the burden shifts back to the plaintiff to show that the reason offered by the employer was a pretext for discrimination. *Id.*

Assuming, *arguendo*, that Cotton established a *prima facie* case of discrimination, Cotton has not presented evidence demonstrating the legitimate, non-discriminatory reason articulated by GS Development for demoting, terminating, and not promoting him was merely a pretext for discrimination. *See Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) (stating an appeals court may affirm for any reason supported by the record even if not relied upon by the district court). GS Development cited Cotton's deficient performance as a guest services supervisor as the reason for demoting, terminating, and failing to promote Cotton. GS Development presented objective evidence that Cotton performed poorly as a guest services supervisor as the guest service score had dropped during Cotton's time in that position. Because Cotton has not shown that his employer's legitimate, non-discriminatory reason for the adverse employment actions was merely a pretext for discrimination, the district

3

court did not err in granting summary judgment with respect to his wrongful demotion, termination, and failure to promote claims.

B. *Hostile Work Environment*

Cotton contends he timely filed an Equal Employment Opportunity Commission (EEOC) charge concerning his hostile work environment claim because he circled "wages" in his EEOC questionnaire. Administrative review of any Title VII claim by the EEOC is a prerequisite to judicial review of such a claim. *See Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (en banc). "EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.'" *Id.* (quoting 29 C.F.R. § 1601.12(a)(3)). Although we liberally construe EEOC charges that are prepared without the assistance of counsel, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quotations omitted).

It is clear from the face of the EEOC charge of discrimination that Cotton failed to mention his hostile work environment claim and only discussed his failure

4

to promote and wrongful demotion and termination claims.  Because Cotton failed to raise his hostile work environment claim in his EEOC charge, he did not exhaust his remedies with the EEOC with respect to this claim.  Consequently, the district court did not err by granting summary judgment on this claim.

*C.  Motions for reconsideration*

Cotton contends the district court erred in denying his motions to reconsider; specifically, in finding A.T. Bragdon's letter and Denise Webb's affidavit not sufficient to grant a motion for reconsideration because Cotton had not exercised due diligence in obtaining these documents.  We conclude the district court did not abuse its discretion in denying Cotton's motions for reconsideration because Cotton failed to exercise due diligence in obtaining Webb's affidavit and Bragdon's letter.  *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007) (reviewing a district court's denial of a motion for reconsideration for abuse of discretion); *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (en banc) (stating while *pro se* submissions should be liberally construed, "[l]iberal construction does not mean liberal deadlines").

5

## II.  CONCLUSION

We affirm the district court's grant of the defendant's motion for summary judgment and denial of Cotton's motions for reconsideration.

**AFFIRMED.**